**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| Howard Cottman, | Case No. 2:23-cv-03104-RMG |
| Plaintiff, | |
| v. | |
| Derek Rodriguez, Christopher Smith, Ptl. McPherson, Ptl. Royer, Affiant J.E. Roberts, Sgt. Danielle Sherwood, | **ORDER AND OPINION** |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending the Court grant Defendants' motion to dismiss. (Dkt. No. 33). Plaintiff filed objections to the R & R. (Dkt. Nos. 41; 45). Defendants replied. (Dkt. Nos. 42; 47). For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.   Background**

Plaintiff alleges that the circumstances involving his arrest on April 3, 2023 violated his Fourth, Fifth, and Fourteenth Amendment rights. (Dkt. No. 14 at 7-8). Specifically, Plaintiff alleges that Defendants breached an apartment in North Charleston without knocking or announcing themselves; that Defendants falsely imprisoned him without probable cause; that Defendants handcuffed and searched him without a warrant; that Defendant Rodriguez broke into a locked bedroom door without knocking or announcing; and that Defendants obtained arrest warrants for Plaintiff based on false testimony. (*Id.* at 9-13). Based on these allegations, Plaintiff asserts causes of action under 42 U.S.C. § 1983 and various South Carolina Statutes. (*Id.* at 7-8).

Defendants moved to dismiss Plaintiff's Complaint. (Dkt. No. 26-1 at 1). Defendants claim that the officers were dispatched to the apartment of the unnamed victim identified as "LL" and that upon arrival they could hear LL crying and Plaintiff yelling inside the apartment. (*Id.*)

1

Defendants claim they entered the apartment based on exigent circumstances after being called to the scene. (*Id.*) According to the arrest warrants and accompanying affidavits in support, Plaintiff attacked LL as she opened the door to her apartment. (*Id.* at 2). It is further alleged, that Plaintiff continued assaulting LL inside, but she was eventually able to get free, go into her bedroom, and lock the door. (*Id.*) Plaintiff was arrested for Domestic Violence first degree, and Violation of a Permanent General Sessions Restraining Order.

The Magistrate Judge issued an R &R recommending the Court grant Defendants' motion to dismiss. (Dkt. No. 33). Plaintiff filed objections to the R & R. (Dkt. Nos. 41; 45). Defendants replied. (Dkt. Nos. 42; 47). The matter is now ripe for the Court's review.

## II.   Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir.1983).

    **B. Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Republican *Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.   Discussion**

After a review of the Complaint, Defendants' motion to dismiss and accompanying exhibits, the R & R, and Plaintiff's objections, the Court finds that the Magistrate Judge correctly found that Plaintiff's Complaint failed to state a claim under the Fifth, Fourteenth, and Fourth

Amendments and under the various South Carolina statutes cited in the Complaint. As set forth below, the Court adopts the R & R as the order of the Court and grants Defendants' motion to dismiss. The Court, however, also grants Plaintiff leave to amend certain claims from his Complaint because his objections set forth allegations that would benefit from renewed briefing.

For Plaintiff's Fifth and Fourteenth Amendment claims and his claims under the South Carolina statutes, the Magistrate correctly concluded that Plaintiff ailed to prove any factual basis supporting his claims. The Court agrees that the Amended Complaint makes conclusory assertions and lacks any real factual or legal basis connecting the claims to the factual allegations, which pertain to the circumstances regarding Plaintiff's arrest. Plaintiff's objections to the Magistrate Judge's finding on these claims are unavailing. Seemingly for his Fifth Amendment claim, Plaintiff states that Defendants body cam footage will show coerced testimony and repeats his allegation that the affidavit contains false statements. (Dkt. No. 45 at 2). For his Fourteenth Amendment claim, Plaintiff objects that he resides and has always co-habitated with LL; that Defendants were informed that an existing permanent restraining order was in place; and that Defendants never established that Plaintiff was the first aggressor. (*Id.* at 3). The Court overrules these objections because they do not address the Complaint deficiencies as identified by the Magistrate Judge.

For Plaintiff's supervisory liability claims, the Magistrate Judge correctly found that Plaintiff did not establish facts that meet the elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983. Plaintiff objected that "Defendants were all witnesses of misconduct and had first hand knowledge, participated without objections, corrections or questions even with supervision at their descreation [sic] (bystander liability)." (Dkt. No. 45 at 3). The Court overrules that objection because it does set forth facts that satisfy any of the required elements.

4

For Plaintiff's Fourth Amendment claim, the Magistrate Judge correctly concluded that Plaintiff failed to state a claim for unreasonable search or seizure of his person under the Fourth Amendment because he was being arrested and that Plaintiff failed to state a claim for false arrest because he was arrested pursuant to a facially valid warrant. Plaintiff did not specifically object to the Magistrate's finding that he failed to state a claim for unreasonable search or seizure of his person or to the Magistrate's finding that the failed to state a claim for false arrest. After reviewing the record, the Court agrees with the Magistrate's findings on those claims.

The Magistrate Judge correctly concluded that Plaintiff failed to state a claim for malicious prosecution because he did not allege in his Complaint that his criminal proceedings terminated in his favor. Plaintiff objected to the Magistrate's finding regarding his malicious prosecution claim by stating that "Defendants all jointly performed poorly, acted with misconduct, prejudices, neglect and omitted facts." (Dkt. No. 45 at 4). He further stated that "[a]ffidavit was void for untruths, lack of probable cause and due process [and] the case was dismissed in favor of plaintiff on 2/16/24." (*Id.*) The Court finds that the Magistrate Judge correctly concluded that Plaintiff failed to state a claim for malicious prosecution in the Complaint because the Court did not find any mention of the Plaintiff's criminal case being dismissed in his favor in the Complaint. Accordingly, the Court adopts the Magistrate Judge's finding on Plaintiff's claim for malicious prosecution. The Court, however, also grants Plaintiff leave to amend his Complaint regarding this claim to include the allegation that his criminal case was dismissed in his favor.

The Magistrate correctly concluded that Plaintiff failed to state a claim for warrantless entry into the apartment because Plaintiff did not allege that he was the owner of the apartment or that he was invited guest. The Magistrate judge correctly reasoned that Plaintiff did not show he had any legitimate expectation of privacy in the apartment and therefore does not have standing to

object to the alleged "warrantless entry" or search of the apartment. Plaintiff objected to the Magistrate Judge's finding by stating that he "reside[ed] with LL and has been for the last 11 yrs." (Dkt. No. 45 at 2). Defendants reply to Plaintiffs objection and argue that Plaintiff's claim that he was living with LL is disingenuous based on his own admission of the permanent restraining order. (Dkt. No. 42 at 1). The Court finds that the Magistrate Judge correctly concluded that Plaintiff failed to state a claim for warrantless entry into the apartment because the Court, in its review of the Complaint, did not find that Plaintiff alleged a legitimate expectation of privacy. Accordingly, the Court adopts the Magistrate Judge's finding on Plaintiff's claim for warrantless entry into the apartment. The Court, however, also grants Plaintiff leave to amend his Complaint regarding this claim to include the allegation that he lived in the apartment.

**IV.     Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R & R (Dkt. No. 33) as the Order of the Court except for the recommendation. The Court also grants Plaintiff 21 days to file an amended complaint as to his warrantless entry claim and his malicious prosecution claim. This matter is remanded to the Magistrate Judge for further pretrial proceedings.

                                               s/ Richard Mark Gergel
                                               Richard Mark Gergel
                                               United States District Judge

June 11, 2024
Charleston, South Carolina