# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Howard Cottman, Jr., <br><br> Plaintiff, <br> v. <br><br> Derek A. Rodriguez, Chirstopher Smith, McPherson, Royer, J.E. Roberts, and Sgt. Danielle Sherwood, <br><br> Defendants. | Case No. 2:23-cv-03104-RMG <br><br><br> **ORDER** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 108), recommending that Defendants' motion for summary judgment (Dkt. No. 95) be granted and that Plaintiff's motion to strike (Dkt. No. 106) Defendants' reply (Dkt. No. 105) to Plaintiff's response, opposing the motion for summary judgment (Dkt. No. 104), be denied. No objections to the R&R were filed by any party. For the reasons set forth below, the Court adopts the R&R as the Order of the Court, grants Defendants' motion for summary judgment, and denies Plaintiff's motion to strike Defendants' reply.

**I.   Background**

This action arises out of Plaintiff's arrest on April 3, 2023. (Dkt. No. 57, at 9). Plaintiff alleges that while he was inside the apartment he purportedly shared with his common law wife, L.L., Defendants, employees of North Charleston Police Department, unlawfully entered the

1

apartment and arrested him without probable cause.[1] *Id*. at 9-13. Plaintiff brings claims against Defendants in their individual and official capacities under 42 U.S.C. § 1983, alleging unlawful entry and malicious prosecution in violation of the Fourth Amendment to the United States Constitution. *Id*. Plaintiff also alleges that Defendants violated state law. *Id*. at 7. Defendants filed a motion for summary judgment. (Dkt. No. 95). Plaintiff responded (Dkt. No. 104) and filed a motion to strike (Dkt. No. 106) Defendants' reply (Dkt. No. 105) to Plaintiff's response.

On July 7, 2025, Plaintiff filed a motion for an extension of time to file objections to the R&R. (Dkt. No. 111). The Court granted the motion and extended the objection deadline to August 10, 2025. (Dkt. No. 113). On July 21, 2025, Plaintiff filed a Notice of Change of Address. (Dkt. No. 115). When no objections were received by the August 10 deadline, the Court—out of an abundance of caution—re-sent the R&R to Plaintiff's updated address and *sua sponte* extended the deadline to September 18, 2025. (Dkt. No. 116).

The motions at issue are ripe for disposition.

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objections are

---

[1] Plaintiff was officially charged with first-degree domestic violence and violating a restraining order. (Dkt. No. 95-8, at 2-5). The charges were later dismissed as part of a plea deal. (Dkt. No. 95-9, at 3-4).

made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### C. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id*. Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (citation omitted).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996) (citation omitted). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.  Discussion

The Court has reviewed the R&R, applicable caselaw, and the record evidence in this matter. The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that Defendants' motion for summary judgment should be granted and Plaintiff's motion to strike Defendants' reply should be denied.

#### A. Individual Capacity Claims

The Magistrate Judge correctly concluded that Plaintiff's § 1983 claim for unlawful entry against Defendants Roberts and Sherwood should be dismissed because Plaintiff has failed to allege facts showing that these Defendants were involved in the entry of the apartment and could not establish a basis for supervisory liability, bystander liability, or negligence under state law. As to the other Defendants, the Magistrate Judge correctly concluded that the record evidence showed that Plaintiff did not have a reasonable expectation of privacy in the apartment, and thus there was no violation of his Fourth Amendment rights when Defendants entered the apartment. That

evidence included: a lease agreement for the apartment only listing L.L. as a tenant, Plaintiff not living at the apartment at the time of the incident, and Plaintiff not having L.L.'s consent to enter the apartment. The Magistrate Judge also correctly concluded that even if Plaintiff had a privacy interest in the apartment, exigent circumstances existed that justified Defendants' entry. Those circumstances included: a 911 call from a neighbor about a potential domestic violence incident and police officers hearing a man shouting and a woman crying upon reaching the apartment.

Regarding Plaintiff's § 1983 claim for malicious prosecution, the Magistrate Judge correctly concluded that Plaintiff's claims against Defendants McPherson, Royer, and Sherwood should be dismissed because Plaintiff failed to allege facts showing that these Defendant were involved in his prosecution. As to the remaining Defendants, the Magistrate Judge correctly found that they were entitled to qualified immunity because the record evidence showed that Defendants acted with objective reasonableness in concluding that probable cause existed to arrest Plaintiff. That evidence included: bodycam footage showing L.L. informing Defendants that Plaintiff had physically assaulted her and Plaintiff violating a restraining order prohibiting him from being at L.L.'s apartment.

### B. Official Capacity Claims

The Court also agrees with the Magistrate Judge's conclusion that Plaintiff's official-capacity claims for unlawful entry and malicious prosecution should be dismissed, as Plaintiff has failed to identify any record evidence of a city-wide policy that caused the alleged constitutional violations or to establish a link between such a policy and the injuries Plaintiff claims to have suffered. *See Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987) (citation omitted).

### C. State Law Claims

The Court agrees with Magistrate Judge's conclusion that because Plaintiff's Second Amended Complaint (Dkt. No. 57) lacks any reference to state law, he has failed to allege or establish such a claim.

### D. Plaintiff's Motion to Strike

Finally, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's motion to strike Defendant's reply should be denied because the reply was timely and not prohibited by Local Civil Rules. *See* L. Civ. R. 7.07, D.S.C. (discouraging, but not precluding, replies to responses).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 108) as the Order of the Court, **GRANTS** Defendants' motion for summary judgment (Dkt. No. 95), and **DENIES** Plaintiff's motion to strike Defendants' reply. (Dkt. No. 106).

**AND IT IS SO ORDERED.**

                s/ Richard M. Gergel
                Richard Mark Gergel
                United States District Judge

September 23, 2025
Charleston, South Carolina